UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LUIS ORTIZ, | ) | CASE NO. C08-1779-TSZ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| NEIL CLARK, Field Office Director, | ) | |
| U.S. Immigration and Customs Enforcement, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Luis Ortiz, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. 5). He requests that this Court order his release on bond or conditions, arguing that "such custody violates the due process rights of the Petitioner." *Id*. At 1. Respondent has filed a cross-motion to dismiss, arguing that this Court lacks jurisdiction because petitioner is lawfully detained and because petitioner has failed to exhaust his administrative remedies. (Dkt. 9).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 5) be DENIED and respondent's cross-motion to dismiss (Dkt. 9) be GRANTED.

/ / /

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico. (Dkt. 11 at L29). On December 12, 2004, an Immigration Judge ordered him removed to Mexico *in absentia* after he failed to appear at his removal hearing. (Dkt. 11 at L13). Petitioner was subsequently removed from the United States four times on January 3, 2005; June 7, 2005; July 25, 2005; and August 1, 2006. (Dkt. 11 at L18-21, L24, L32-36, L50).

On August 1, 2006, petitioner illegally reentered the United States at or near Nogales, Arizona. (Dkt. 11 at L53). In August 2008, he was arrested by the Warm Springs, Oregon Police Department and charged with possession of a dangerous weapon. (Dkt. 11 at L56). Petitioner was transferred to ICE custody on August 11, 2008. ICE served him with a Warrant for Arrest of Alien and a Notice to Appear, placing him in removal proceedings and charging him with being subject to removal pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), for being present in the United States without being admitted or paroled. (Dkt. 11 at L56-57). In addition, ICE served petitioner with a Notice of Custody Determination, informing him that ICE had conducted an initial bond determination and determined that he would be detained without bond pending a final determination by an immigration judge. (Dkt. 11 at L59). Petitioner acknowledged receipt of the notice but elected not to request a redetermination of this custody decision by an immigration judge. *Id.*

Petitioner appeared pro se at a master calendar hearing before an immigration judge on September 5, 2008, September 29, 2008, October 20, 2008, and October 27, 2008, and each time requested additional time to locate an attorney or gather additional documents. (Dkt. 11 at Dkt. L58, L60, L61; Dkt. 9, Attach. 2). During the October 27, 2008, hearing petitioner

requested a bond redetermination hearing but withdrew his bond request and the immigration judge took "no action." (Dkt. 11 at L67). Petitioner's immigration proceedings remain pending in Immigration Court.

On December 10, 2008, petitioner filed the present action challenging his detention. (Dkt. 5). Respondent filed a Return to Habeas Petition and Cross-Motion to Dismiss on January 20, 2009. (Dkt. 9). Petitioner did not file a response. The habeas petition and cross-motion to dismiss are ready for review.

### III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole. *See* INA § 236(a), 8 U.S.C. § 1226(a). Because petitioner remains in removal proceedings, his detention is pursuant to INA § 236(a), which provides:

**Arrest, detention, and release**

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . [T]he Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
>    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
>    (B) conditional parole . . .

8 U.S.C. § 1226(a).

After an alien is arrested and taken into custody, the local ICE office makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1(8), 236.1(d). After ICE's initial custody determination, the alien may request a bond redetermination by an immigration judge. *See* 8 C.F.R. § 236.1(d)(3). In addition, the alien may appeal the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 236.1(d)(3). Once an immigration judge has made a bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

In the instant case, the administrative record shows that ICE conducted an initial custody determination on August 11, 2008, and determined that petitioner should remain detained without bond pending a final determination by an immigration judge. (Dkt. 11 at L59). The record further shows that, although petitioner was made aware of his right to do so, he elected not to request a redetermination of this initial custody decision by an immigration judge. *Id.* During a hearing on October 27, 2008, petitioner did request a bond redetermination by an immigration judge but withdrew his bond request and the immigration judge took "no action," thus preserving petitioner's right to request a bond redetermination hearing. (Dkt. 11 at L67). Petitioner has not requested a bond redetermination hearing by an immigration judge although he remains eligible to do so. Nevertheless, petitioner argues that his custody violates procedural due process requirements and requests that this Court order respondent to release him on bond or conditions. (Dkt. 5 at 1, 3, 6).

The Court finds that petitioner does not have standing to challenge the conduct of respondent because he failed to avail himself of the procedural protections provided to him. In order to have standing to bring a due process claim, petitioner must have suffered actual injury as a result of the hearing procedure about which he complains. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992); *see also Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996)(holding that prisoners did not have standing to bring claims that the insufficiency of the prison library violated their constitutional rights unless they showed that this actually hindered their efforts to pursue legal claims). Here, petitioner wholly refused to avail himself of the hearing procedures available to him by failing to seek a bond redetermination hearing before an immigration judge, and by failing to appeal that decision to the BIA. The government cannot be held to have violated procedural due process requirements when it has made procedural protections available and the petitioner has simply refused to avail himself of them. Because petitioner has not taken advantage of the procedural processes available to him, he lacks standing to challenge such procedures as constitutionally inadequate. *See Lujan*, 504 U.S. at 560-61.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 12th day of March, 2009.

                                                  s/ Mary Alice Theiler
                                                  United States Magistrate Judge